UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIM KEYES, individually and as a representative of a class of similarly situated persons,<br><br>                    Plaintiff,<br><br>        v.<br><br>RICHARD LELAND, SHERRI HANSEN, CHRISTINA WENTZ, individually and in their official capacities; SPOKANE COUNTY DISTICT COURT; SPOKANE COUNTY,<br><br>                    Defendants. | NO:  2:16-CV-0048-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss for Failure to

State a Claim (ECF No. 3). This matter was submitted without oral argument.

Plaintiff is proceeding *pro se*.  Defendants are represented by James H. Kaufman.

The Court has reviewed the record and files herein, and is fully informed.

//

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

**BACKGROUND**

On February 29, 2016, Plaintiff initiated this putative class action under 42 U.S.C. § 1983 against Defendants, alleging deprivation of his civil rights.  ECF No. 1.  Specifically, Plaintiff claims Defendants' alleged misconduct violated his "right to fully access the courts, the right to petition for redress of grievances, and the right to due process."  *Id.* at 6.  Plaintiff seeks appointment of counsel to represent the putative class; declaratory and injunctive relief; damages; costs; and for this Court to "[a]ssume continuing oversight over the operations of the Spokane County District Court for a period of time set at the court's discretion to ensure that these Constitutional violations do not recur."  *Id.* at 7.

On May 9, 2016, Defendants filed the instant motion seeking to dismiss Plaintiff's claims.  ECF No. 3.

**FACTS**

The following facts are principally drawn from Plaintiff's complaint (ECF No. 1), and are accepted as true for the instant motion.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

At an unspecified time, a Mr. Robert Saraceno initiated a small claims action in Spokane County District Court against "Don Hall dba Wholesale Motors," in Cause No. 1546953.  ECF No. 1 at 2-3.  While Plaintiff does not appear to be a

named party in this action, he does allege to be an owner of Wholesale Motors, LLC ("Wholesale Motors").  *Id.* at 3.

At some point, judgment was entered in favor of Wholesale Motors in the amount of $1200. *Id.* at 2.  Thereafter, Plaintiff alleges Mr. Saraceno, rather than appeal the judgment, "made ex parte contact with the judge through letters" and "the judge vacated the judgment and held a new trial." *Id.* at 2-3.  Sometime before the start of the "second trial," Plaintiff attempted to file an answer to the complaint with affirmative defenses and counterclaims, but alleges that Defendant Christina Wentz, a Deputy to the Spokane County District Court Clerk, refused to accept the filing and "insisted on enforcing the 'rule' that is not a rule." *Id.* at 3.  Specifically, Plaintiff alleges that Defendant Wentz refused the filing "because the counterclaim portion was not on a yellow papered template the court had available for use by small claims litigants." *Id.*

Later, Plaintiff claims a "second trial" took place, and judgment was entered in favor of Wholesale Motors for $1500.  Plaintiff alleges Mr. Saraceno again did not appeal the judgment, but rather, "wrote ex parte letters to the court complaining and demanding not only a new trial but a new judge." *Id.*

As a result, a new judge, Defendant Richard Leland, was assigned to the case, and, soon after, Plaintiff alleges Judge Leland vacated the $1500 judgment. *Id.*  Plaintiff further alleges that Judge Leland "refused to hear or address" a

complaint regarding Mr. Saraceno's "repeated ex-parte contacts with the court and

his practice of filing documents and photographs into the court file without ever

serving copies on any other parties," and "allowed" Mr. Saraceno to make "false

and defamatory statements" in court. *Id.* at 3-4. In response to Mr. Saraceno's

alleged perjury, Plaintiff claims a "Citizen's Petition for Prosecution" was "raised

with the District Court" but the court "refused to even assign the matter a case

number when it was attempted to be filed." *Id.* at 4.

Following Judge Leland's decision to vacate the $1500 judgment, Plaintiff

attempted to a file a Notice of Appeal to the Superior Court. *Id.* at 4. However,

Plaintiff alleges Defendant Wentz refused the filing due to noncompliance with

"made-up rules." *Id.* Specifically, Plaintiff alleges that these rules include

> that (85 year old, legally blind, legally deaf, glaucomic, gout-ridden
> diabetic, cancer stricken) Don Hall had to personally file any
> documents from 'Don Hall dba Wholesale Motors' or he had to draft
> and have notarized 'permission slips' to allow any other person,
> specifically the Plaintiff, to deliver documents to the court for filing;
> that civil rule 11 no longer applied and signatures on documents had
> to be notarized; and demanding that the same large bond ($7000) be
> posted as would have had to be posted by someone appealing a trial
> judgment (which was contrary to the wording of the statute and the
> statute only required a $100 bond).

*Id.*

On a different day, Plaintiff alleges he returned to again attempt to file his

appeal documents, "this time with copies of the court rules and the statutes to show

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

that the Notice of Appeal was proper." *Id.*  Plaintiff met with Defendant Sherri

Hansen, Acting Court Clerk, who also refused the documents for filing.  *Id.*

Plaintiff alleges he "requested of both of these defendants that they put their

refusals in writing citing the new rules they had made up.  They refused that

request also." *Id.*  Further, Plaintiff alleges the court clerks refusal to accept

documents for filing is in violation of their established statutory duties, described

in RCW 2.32.050, and constitutes official misconduct and a gross misdemeanor

pursuant to RCW 9A80.010(1)(b); 9A.80.010(2).  *Id.* at 5-6.

Approximately one week later, Plaintiff alleges he received a letter from

Judge Leland, which "affirmed the clerks' refusals to accept the filing of the

Notice of Appeal, though he cited the bond to be $3000[.]" *Id.* at 4-5.

In support of a putative class action, Plaintiff alleges the "back-door

bargaining through ex-parte contact and deliberate interference with the filing of

documents and the prevention of review of [] inappropriate decisions … is

undoubtedly happening in other cases to other litigants as well." *Id.* at 5.

Defendants represent that there is a "third trial" of the initial claim now

pending in smalls claim court.  ECF No. 3 at 16.

//

//

//

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

# DISCUSSION

### a. Standards of Review

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do[.]" *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. *See id.*

1    at 675.  The court should generally draw all reasonable inferences in the plaintiff's

2    favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir.

3    2012), but it need not accept "naked assertions devoid of further factual

4    enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

5    Generally, in ruling upon a motion to dismiss, a court must accept all factual

6    allegations in the complaint as true and construe the pleadings in the light most

7    favorable to the party opposing the motion.  *Sprewell v. Golden State Warriors*,

8    266 F.3d 979, 988 (9th Cir. 2001).

9         In contrast, when addressing a motion to dismiss for lack of subject matter

10   jurisdiction, the court is not bound by the plaintiff's factual allegations.  Pursuant

11   to Rule 12(b)(1), the Court "may 'hear evidence regarding jurisdiction' and

12   'resolv[e] factual disputes where necessary.'" *Robinson v. United States*, 586 F.3d

13   683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077

14   (9th Cir. 1983)).  A Rule 12(b)(1) motion may be either facial, where the court's

15   inquiry is limited to the allegations in the complaint; or factual, where the court

16   may look beyond the complaint to consider extrinsic evidence.  *Safe Air for*

17   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "If the moving party

18   converts 'the motion to dismiss into a factual motion by presenting affidavits or

19   other evidence properly brought before the court, the party opposing the motion

20   must furnish affidavits or other evidence necessary to satisfy its burden of

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

1    establishing subject matter jurisdiction.'" *Wolfe v. Strankman*, 392 F.3d 358, 362

2    (9th Cir. 2004) (quoting *Safe Air for Everyone*, 373 F.3d at 1039).  Accordingly, in

3    deciding jurisdictional issues, the court is not bound by the factual allegations

4    within the complaint.  *Augustine*, 704 F.2d at 1077.

5        **b.  Analysis**

6        Defendants argue this Court should dismiss Plaintiff's complaint for a lack

7    of subject matter jurisdiction and for failure to state a claim upon which relief can

8    be granted.  ECF No. 3.  In support, Defendants argue (1) immunity; (2) that

9    Spokane County District Court is not a proper defendant; (3) that Plaintiff's

10   pleading does not establish municipal liability; (4) Plaintiff failed to properly serve

11   all defendants; and (5) Plaintiff's suit is frivolous.  *Id.*  Defendants also argue, as a

12   *pro se* litigant, Plaintiff is not capable of representing a "class."  *Id.* at 13-14.

13       The Court will address each point in turn.

14       **i.  Immunity**

15       First, Defendants argue Judge Leland and Clerks Hansen and Wentz are

16   entitled to immunity against all claims.  *Id.* at 9-11.

17       "Judges are absolutely immune from civil liability for damages for their

18   judicial acts." *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385,

19   1388 (9th Cir. 1987) (citation omitted); *see also* 42 U.S.C. §1983 (providing for

20   judicial immunity from § 1983 cases seeking injunctive relief).  This immunity is

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

1  construed broadly, as "[a] judge will not be deprived of immunity because the

2  action he took was in error, was done maliciously, or was in excess of his

3  authority; rather, he will be subject to liability only when he has acted in the clear

4  absence of all jurisdiction," or performs an act that is not judicial in nature.  *Stump*

5  *v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotations and citations

6  omitted).  Though, "absolute judicial immunity does not apply to non-judicial acts,

7  i.e. the administrative, legislative, and executive functions that judges may on

8  occasion be assigned to perform."  *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133

9  (9th Cir. 2001) (citation omitted).

10      Moreover, "[j]udicial immunity is extended to certain others who perform

11  functions closely associated with the judicial process."  *Id*. (internal quotation and

12  citation omitted).  As the Ninth Circuit has explained, "the lynchpin of both the

13  judicial and quasi-judicial immunities" is that the acts in question are "an integral

14  part of the judicial process."  *See Greater Los Angeles Council on Deafness, Inc. v.*

15  *Zolin*, 812 F.2d 1103, 1108 (9th Cir. 1987) (quotation and citation omitted); *see*

16  *also Mullis*, 828 F.2d at 1390 ("Court clerks have absolute quasi-judicial immunity

17  from damages for civil rights violations when they perform tasks that are an

18  integral part of the judicial process.").

19      Here, the Court finds the allegations against Judge Leland involve judicial

20  acts.  Plaintiff alleges Judge Leland violated his rights to fully access the courts, to

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9

1    petition for redress of grievance, and to due process by his "refusal[] to accept

2    documents for filing."  ECF No. 1 at 5.  Such allegations rest on Judge Leland's

3    affirmation of the clerks' refusals to accept Plaintiff's filing for noncompliance

4    with court rules.  However, in the context of these allegations Judge Leland was

5    acting in a judicial capacity by interpreting and applying the court rules to

6    Plaintiff's submitted documents. Indeed, such an act constitutes quintessential

7    judicial decision-making.  While Plaintiff asserts that the court rules at issue are

8    incorrect or "made up," a judicial act allegedly done in error does not deprive

9    Judge Leland of immunity.  *See Stump*, 435 U.S. at 356-57.

10          Moreover, to the extent that Plaintiff seeks redress for his allegations

11   concerning Judge Leland's decisions to vacate the $1500 judgment, to "allow" Mr.

12   Saraceno to make allegedly false statements in court, and to refuse to hear

13   Plaintiff's complaints concerning Mr. Saraceno's ex-parte communications, the

14   Court finds such actions also constitute judicial acts.  Issuing rulings and

15   exercising control over courtroom proceedings and the court's docket are normal

16   judicial functions.  As such, Plaintiff's allegations that Judge Leland performed

17   these acts in error and with improper motive do not bar immunity.  *Id.*  Thus, Judge

18   Leland is entitled to absolute judicial immunity from Plaintiff's claims for

19   damages, *see Mullis*, 828 F.2d at 1390, and injunctive relief, *see* 42 U.S.C. § 1983.

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 10

As for Defendants Wentz and Hansen, as court clerks performing acts closely associated with the judicial process, this Court finds they are entitled to quasi-judicial immunity. *See Duvall*, 260 F.3d at 1133.  Plaintiff's allegations against Defendants Wentz and Hansen rest on their alleged refusal to file Plaintiff's submitted court documents.  As the Ninth Circuit has explained, the filing of court documents is a "basic and integral part of the judicial process … [t]he clerk of court and deputy clerks are the officials through whom such filing is done." *Mullis*, 828 F.2d at 1390.  Hence, Defendants Wentz and Hansen are within their judicial jurisdiction and even "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" *Id.* (quoting *Stump*, 435 U.S. at 359).  Therefore, even if Plaintiff's allegations that Defendants Wentz and Hansen acted in violation of Washington statutory law are true, such conduct does not remove their immunity from suit.

Accordingly, because Judge Leland is entitled to judicial immunity, and Defendants Wentz and Hansen are both entitled to quasi-judicial immunity, all of Plaintiff's claims against these defendants are **DISMISSED**.

### ii.  Spokane County District Court

Next, Defendants argue that Spokane County District Court is not a proper defendant in this action as it is not a legal entity subject to suit.  ECF No. 3 at 11-

13.  In support, Defendants assert that Spokane County itself is the only legal entity capable of suing and being sued.  *Id.*

The Court agrees.  The capacity of an entity to sue or be sued is determined by the law of the state where the court is located.  *See* Fed. R. Civ. P. 17(b)(3).  Here, Washington law has established that "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."  *Nolan v. Snohomish Cnty.*, 59 Wash. App. 876, 883 (1990); *see also Broyles v. Thurston Cnty.*, 147 Wash. App. 409, 427-28 (2008).  Accordingly, because the Spokane County District Court is not a legal entity subject to suit under Washington law, Plaintiff's claims against this defendant must be **DISMISSED**.

### iii.  Spokane County

As for the remaining defendant, Spokane County, Defendants argue Plaintiff's "broad, generalized allegations" are insufficient to establish municipal liability under § 1983.  ECF No. 3 at 14.

The Supreme Court has held that local governments are "persons" who may be subject to suits under § 1983.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).   However, a municipality may only be held liable for constitutional violations resulting from actions undertaken pursuant to an "official municipal policy."  *Id.* at 691.  As the Supreme Court articulated in *Monell*, the purpose of the "official municipal policy" requirement is to prevent municipalities from being

held vicariously liable for unconstitutional acts of their employees under the

doctrine of respondeat superior. *Id.*; *see also Bd. of Cnty. Comm'rs  v. Brown*, 520

U.S. 397, 403 (1997).

The Ninth Circuit recognizes four categories of "official municipal policy"

sufficient to establish municipal liability under *Monell*: (1) action pursuant to an

express policy or longstanding practice or custom; (2) action by a final

policymaker acting in his or her official policymaking capacity; (3) ratification of

an employee's action by a final policymaker; and (4) failure to adequately train

employees with deliberate indifference to the consequences. *Christie v. Iopa*, 176

F.3d 1231, 1235-40 (9th Cir. 1999).  A plaintiff asserting municipal liability must

plead "sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself" as well as "factual allegations that … plausibly

suggest an entitlement to relief …." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666

F.3d 631, 637 (9th Cir. 2012) (quotations and citations omitted).   Moreover, a

plaintiff must also establish the requisite causal link between this "policy" and the

alleged constitutional deprivation. *See Harper v. City of Los Angeles*, 533 F.3d

1010, 1026 (9th Cir. 2008).  The Supreme Court articulated the causation

requirement as follows:

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct
> properly attributable to the municipality. The plaintiff must also
> demonstrate that, through its deliberate conduct, the municipality was
> the "moving force" behind the injury alleged.  That is, a plaintiff must

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 13

1
2
show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

3  *Bd. of Cnty. Comm'rs*, 520 U.S. at 404.  "Where a plaintiff claims that the

4  municipality has not directly inflicted an injury, but nonetheless has caused an

5  employee to do so, rigorous standards of culpability and causation must be applied

6  to ensure that the municipality is not held liable solely for the actions of its

7  employee."  *Id.* at 405.

8        Here, Plaintiff's complaint alleges his denial of his rights to fully access the

9  courts, to petition for redress of grievances, and to due process (1) "was the direct

10 results of Spokane County failing to adequately hire, train, supervise and discipline

11 court personnel" and (2) that Spokane County has a "policy, practice and custom to

12 allow such deviances in the proper conduct of the court to occur."  ECF No. 1 at 6.

13 Plaintiff further complains that the alleged violations were brought to the attention

14 of Spokane County through documents filed in the District Court and the Superior

15 Court, and Spokane County's alleged failure to act "demonstrated that its policy,

16 practice and custom was to find ways to protect court personnel from any

17 accountability," and consequently, "Court personnel can reasonably conclude that

18 they are free to make up and enforce rules[.]"  *Id.* at 6-7.

19       Even assuming a constitutional violation did occur, the Court finds Plaintiff

20 has failed to state a plausible claim for relief under § 1983 against Spokane County.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 14

1    The complaint makes only conclusory and formulaic allegations of a county custom

2    or policy and fails to allege any supporting facts linking Plaintiff's alleged

3    constitutional deprivation to some deliberate municipal policy or action.  Moreover,

4    the complaint is devoid of any allegations and underlying facts regarding a specific

5    government policy, practice or custom that was the "moving force" behind the

6    alleged constitutional violations.  Indeed, rather than allege facts concerning a

7    specific policy, Plaintiff presents amorphous allegations of court personnel "running

8    wild" and argues there is a "culture of abuse and corruption" at the courthouse.

9    However, such unsubstantiated allegations are not sufficient "factual allegations that

10   … plausibly suggest an entitlement to relief …."  *Hernandez*, 666 F.3d at 637 (9th

11   Cir. 2012) (quotations and citations omitted).

12        The Court concludes Plaintiff's broad assertions that the county failed to train,

13   supervise or discipline court personnel or finds ways to "protect" court personnel

14   from accountability are merely conclusory allegations that fail to satisfy *Iqbal*.  Thus,

15   Plaintiff has not alleged a cognizable claim of municipal liability and the Court

16   **DISMISSES** Plaintiff's § 1983 claim against Spokane County.

17        Moreover, while Plaintiff has not requested leave to amend his complaint,

18   the Court finds that amendment as to municipal liability would be futile.  Federal

19   Rule of Civil Procedure 15(a) provides that leave to amend should be "freely

20   give[n] ... when justice so requires." Fed.R.Civ.P. 15(a)(2). The Ninth Circuit has

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 15

1    directed that this policy be applied with "extreme liberality." *Eminence Capital,*

2    *LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir.2003). However, in deciding

3    whether leave to amend is appropriate, a court must consider, *inter alia*, whether

4    an amendment would be futile. *United States v. Corinthian Colls.,* 655 F.3d 984,

5    995 (9th Cir.2011). Here, given Plaintiff's reliance on unsubstantiated, nebulous

6    allegations of corruption, this Court finds amendment concerning municipal

7    liability would be futile.

8         In sum, Defendants Leland, Hansen and Wentz are entitled to immunity from

9    this action, Spokane County District Court is not a legal entity subject to suit, and

10   Plaintiff has not alleged a cognizable claim of municipal liability against Spokane

11   County, and therefore, Defendants' motion to dismiss is granted on these bases.

12   **ACCORDINGLY, IT IS SO ORDERED**.

13        1.  Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED**.

14        2.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice.**

15        The District Court Executive is directed to enter this Order and Judgment

16   accordingly, provide copies to the parties, and **CLOSE** this case.

17        **DATED** August 3, 2016.

18

19                         THOMAS O. RICE
                    Chief United States District Judge
20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 16